The opinion of the Court was delivered by
Poché, J.
Plaintiff seeks to recover payment of dividends on sixty-six shares, of one hundred dollars each, of the stock of the defendant, alleged to be her property by inheritance from the succession of her brother, Ernest de St. Romes, to whom they had been transferred by her mother, Wid. J. C. de St. Romes, the original holder of the same.
The defendant, by way of exception, urged:
1. Want of proper parties necessary to a final adjudication.
2. The plea of lis pendens growing out of the existence of a suit in the name of Widow de St. Romes against the same defendant, for the *420 recovery of the same dividends accrued on the identical shares of stock.
3. The exception of no cause of action.
4. The plea of prescription of one, three, five and ten years.
Upon the judgment of the court, overruling all its exceptions, and specially reserving the benefit of suoli exceptions, tlie defendant then filed a general denial, followed by a special averment, charging'that the 06 shares of stock declared upon by plaintiff, bad been disposed of by Widow de St. Romes in July, 1853, and through her agent and attorney in fact, Deverges, had been transferred in fall ownership to 0. A. Cohen, who had in turn sold them to Peschoir & Forstall, that the latter had sold them to A. & M. Heine, by whom they had finally been transferred to Alexander Smith, Gustave Milteuborger and W. O. 0. Claiborne, to whom the dividends sued for bad been paid as they bad accrued; and called said transferrecs in warranty.
On motion of plaintiff, tho call in warranty was stricken out, and a trial on the merits resulted in a judgment for $9,900 in favor of plaintiff, and defendant appeals.
The issue raised by defendant’s exception, suggesting want of proper or necessary parties, presents to our minds a question of vital importance to the case in its present attitude, and requires a clear solution before any inquiry can be made into tho nmnorous other points presented by the pleadings.
The groundwork of plaintiff’s action is her ownership of the stock, on winch she claims dividends, as the latter belong and can be allowed only to the legal owner of the shares of stock to which they have accrued.
The judgment of the court allotting the dividends must follow, and is the inevitable result of a conclusion reached as to the true ownership of tlie stock.
In other words, the court, believing that the stock declared upon belonged to one person, could not decree*, the dividends accrued during, and covered by’that ownership, to another person. Hence, it follows that a party suing for dividends on stock, must prove, satisfactorily, that he was the owner of the stock to which accrued the dividends which he claims.
The theory of plaintiff, flint because in this suit slie claims only dividends, and does not seek to bo recognized as owner of any shares of stock in the defendant company, her ownership or title to the shares, which she declares upon, is not involved as a question in the case, would lead to the conclusion “ that the fruits yielded by property from the operation of the law,” did not in law belong to tlie owner of that *421 property, a proposition repugnant alike to reason and to tlie textual provisions of our Civil Code. (Art. 499).
It is, therefore, clear, that plaintiff’s ownership of the stock during the years for which she claims dividends, is an essential condition of her recovery in this ease.
Now, in its exception, defendant suggests that the stock claimed by plaintiff stands in its books in the name of other parties to whom they had been transferred by the agent of the original holder, who is also the alleged author of plaintiff; and thus defendant presents a question of title which underlies the whole case, and must, of necessity, be decided as a preliminary stop to an adjudication on plaintiff’s demand. Hence, the alleged transferrees disclosed by defendant, are vitally interested in this controversy, both to the extent of the value of the stock declared upon by plaintiff, and of the amount of dividends which they may have wrongfully received as the pretended owners of the stock in question.
Will our law tolerate the judicial condemnation of a party without a hearing? Can we render a judgment under which these transferrees may be dispossessed of valuable property and rights, without giving them a hearing ?
It is elementary that a judgment rendered under such pleadings could not bind these transferrees, if adverse to their rights, audit is equally clear that sucha judgment, if adverse to plaintiff in this suit, would not conclude her from testing the title of these transferrees to this stock, in a different suit or proceeding.
Such a judgment would, therefore, be barren of any practical result on the vital issue presented in the case, and could find no sanction in law or authority.
Litigation touching these identical aliaros of stock, which has been violent, persistent, and very protracted, furnishes a decision in 20 A. 331, in which this ruling finds strong support.
In that case, Widow J. O. de St. Romes recovered judgment for dividends on these shares of stock for several years previous, and up to 1853, covering the time of her undisputed ownership. But, as she had also prayed for recognition of her title to the stock, since the alleged transfer of the same by her agent, the court refused to pass on that question, because “ the alleged transferee was not a party to that suiV
And for the same reason the court could not have allowed to Mrs. de Romes, or to the present plaintiff, the dividends or the fruits yielded by that property, for any year subsequent to 1853, or for any time for which such dividends would have been claimed by, or would havebeen paid to such alleged transferree.
The present Court applied the same rule, both on reason and on *422 the authority of the case just quoted, in the case of Keid vs. Commercial Insurance Company, 32 A. 546.
The demand in this case is restricted to the recovery of dividends, without any reference to, or allegation of, the illegality of the transfer of the stock; the petition contains no complaint against the Company for a wrongful recognition of the transferred claim, and contains no prayer for damages against the Company for such wrongful acts.
We, therefore, conclude that the right of plaintiff to recover dividends in this suit, depends essentially and absolutely on her right of ownership of the sixty-six shares of stock, which she declares upon ; and said stock being claimed by third persons, the adverse rights of such persons cannot be disposed of in a suit to which they are not parties, and that the District Judge erred in overruling defendant’s exception based on these legal grounds.
This conclusion precludes the necessity of inquiring into the other numerous points raised in the pleadings.
The judgment of the lower court.'is, therefore, annulled, avoided and reversed; and it is now ordered, adjudged and decreed, that defendant’s exception of want of proper and necessary parties be maintained, and that plaintiff’s action be dismissed at her costs in both Courts.
Chief Justice Bermudez, having been of counsel in this case, recuses himself.